**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IN RE: DYLAN JOHNSON,

                         Respondent.

9:26-pf-2 (BKS)

---

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

### ORDER TO SHOW CAUSE

**I.     INTRODUCTION**

Since November 2025, Dylan Johnson (named here as "Respondent") has filed 100 actions

pro se in the Northern District of New York. Respondent brings each action under 42 U.S.C. §

1983, and alleges constitutional violations in connection with his confinement at Warren County

Correctional Facility, where he is being held as a pretrial detainee. For the reasons that follow,

the Court orders Respondent to show cause why he should not be enjoined from filing any civil

action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

**II.     BACKGROUND**

Between November 20, 2025 and March 27, 2026, Respondent filed 27 actions pro se.

*See* Appendix A. Ten of these cases name Warren County Correctional Facility as the Defendant,

three name Prime Care Medical Inc. as the Defendant, and the remainder appear to name

individual employees of Warren County Correctional Facility. With few exceptions, the

complaints allege Respondent's "civil and constitutional rights" are being violated and are

devoid of factual content. *See*, *e.g.*, *Johnson v. Mayday*, 9:26-cv-0457 (AMN/PJE), Dkt. No. 1, at

4 (N.D.N.Y. filed Mar. 24, 2026); *but see Johnson v. Prime Care Medical Inc.*, 9:26-cv-0258

(GTS/PJE), Dkt. No. 1, at 4 (N.D.N.Y. filed Feb. 23, 2026) (alleging that Johnson told medical

"on multiple dates" that he "needed more calories due to me being lighted [sic] and dizzy every day").On April 6, 2026, Respondent filed an additional 73 actions pro se, *see* Appendix B, all of which: name Warren County, Warren County Jail, or Warren County Correctional Facility as the Defendant; appear to contain some form of the conclusory allegation that the Defendant is "violating 1st, 8th and 14th amendments"; and appear to be devoid of factual content. *See*, *e.g.*, *Johnson v. Warren County*, 9:26-cv-0575 (LEK/PJE), Dkt. No. 1 (N.D.N.Y. filed Apr. 6, 2026).

As Respondent is a pretrial detainee and has moved to proceed in forma pauperis ("IFP"), Respondent's complaints are subject to initial review under 28 U.S.C. §§ 1915A, 1915(e). Of the seven complaints reviewed to date, one excessive force claim in one complaint has proceeded beyond initial review, *see Johnson v. Thomas*, 9:25-cv-1627 (BKS/DJS), Dkt. No. 4 (N.D.N.Y. Dec. 23, 2025) (allowing excessive force claim to proceed but dismissing remaining claims without prejudice), five complaints have been dismissed without prejudice for failure to state a claim, *see Johnson v. Waite*, 9:26-cv-0119 (AJB/PJE), Dkt. No. 8 (N.D.N.Y. Apr. 3, 2026), *Johnson v. Millis*, 9:26-cv-0255 (MAD/DJS), Dkt. No. 4 (N.D.N.Y. Mar. 12, 2026), *Johnson v. Prime Care Medical Inc.*, 9:26-cv-0258 (GTS/PJE), Dkt. No. 4 (N.D.N.Y. filed Mar. 24, 2026), *Johnson v. Warren County Correctional Facility*, 9:26-cv-0296 (BKS/PJE), Dkt. No. 4 (N.D.N.Y. Mar. 31, 2026), *Johnson v. Linsey*, 9:26-cv-0330 (BKS/PJE), Dkt. No. 4 (N.D.N.Y. Mar. 31, 2026), and one complaint has been dismissed with prejudice as duplicative, *see Johnson v. Prime Care Medical Inc.*, 9:26-cv-0295 (GTS/PJE), Dkt. No. 5 (N.D.N.Y. Mar. 24, 2026).

## III.   DISCUSSION

### A.   Relevant Law

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d

2

Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

### B.     Analysis

While Respondent's filing history may not be lengthy (he filed his first action in this District in November 2025), it has been prolific. As noted above, acting pro se, Respondent has filed 100 lawsuits since November 2025. Few, if any, of Respondent's complaints contain any factual allegations and many are duplicative. For example, five of the ten actions Respondent filed (prior to the 74 actions filed on April 6, 2026) naming Warren County Correctional Facility as a defendant allege only that the correctional facility is "violating civil and constitutional rights" and contain no factual content. *See Johnson v. Warren County Correctional Facility*, 9:26-cv-0454 (BKS/PJE), Dkt. No. 1, 4–5 (N.D.N.Y. filed Mar. 25, 2026) (alleging that

correctional facility is "violating civil and constitutional rights," "14th Amendment," "deliberate indifferent 8th Amendment," and "1st Amendment"); *Johnson v. Warren County Correctional Facility*, 9:26-cv-0465 (BKS/PJE), Dkt. No. 1, 4 (N.D.N.Y. filed Mar. 25, 2026) ("violating constitutional rights on multiple occasions"); *Johnson v. Warren County Correctional Facility*, 9:26-cv-0466 (BKS/PJE), Dkt. No. 1, 4 (N.D.N.Y. filed Mar. 25, 2026) ("violating civil and constitutional rights"); *Johnson v. Warren County Correctional Facility*, 9:26-cv-0467 (BKS/PJE), Dkt. No. 1, 4 (N.D.N.Y. filed Mar. 25, 2026) ("violating civil and constitutional rights"); *Johnson v. Warren County Correctional Facility*, 9:26-cv-0468 (BKS/PJE), Dkt. No. 1, 4 (N.D.N.Y. filed Mar. 25, 2026) (alleging "violation of civil and constitutional rights").[1] The three actions Respondent filed against defendant Prime Care Medical Inc., are likewise vague and duplicative. In *Johnson v. Prime Care Medical Group*, 9:26-cv-0469 (GTS/PJE), Dkt. No. 1, at 4, Respondent alleges only that Prime Medical Care is "violating civil and constitutional rights" and provides no factual support. And United States District Judge Glenn T. Suddaby dismissed *Johnson v. Prime Care Medical Inc.*, 9:26-cv-0295 (GTS/PJE), Dkt. No. 5, at 8, with prejudice, finding it "clearly duplicative," of *Johnson v. Prime Care Medical Inc.*, 9:26-cv-0258 (GTS/PJE).

The Court is mindful of Respondent's status as a pro se litigant who does not have the assistance of counsel and who appears to have had no experience bringing an action in this, or any other federal court, until recently. However, Respondent has now received at least six Decisions and Orders from four United States District Court Judges, outlining the requirements of Federal Rule of Civil Procedure 8, including the requirement that a complaint contain "factual content, the prohibition against filing duplicative lawsuits, the law applicable to a claim under

---

[1] The above parentheticals contain all factual allegations provided in the respective complaint.

4

Section 1983, the necessity of alleging state action and personal involvement. *See*, *e.g.*, *Johnson v. Thomas*, 9:25-cv-1627 (BKS/DJS), Dkt. No. 4, at 4 (N.D.N.Y. Dec. 23, 2025) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Johnson v. Prime Care Medical Inc.*, 9:26-cv-0295 (GTS/PJE), Dkt. No. 5, at 6 (N.D.N.Y. Mar. 24, 2026) (explaining that "'plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000)).[2] Thus, Respondent could not have a good faith belief of prevailing when, on April 6, 2026, after receiving these instructions, he filed dozens of nearly identical complaints alleging municipal liability claims against Warren County (named variously as Warren County, Warren County Jail, and Warren County Correctional Facility) under Section 1983, but containing no factual content.[3] *See, e.g., Johnson v. Warren County*, 9:26-cv-0552 (LEK/PJE), Dkt. No. 1 (N.D.N.Y. filed Apr. 6, 2026) ("violating 1st Amendment, 8th Amendment, and 14th amendments"); *Johnson v. Warren County Jail*, 9:26-cv-0553 (LEK/PJE), Dkt. No. 1 (N.D.N.Y. filed Apr. 6, 2026) ("violating 1st, 8th and 14th amendments"); *Johnson v. Warren County Jail*, 9:26-cv-0554 (LEK/PJE), Dkt. No. 1 (N.D.N.Y. filed Apr. 6, 2026) ("violating 1st, 8th and 14th amendments"); *Johnson v. Warren County*, 9:26-cv-0555 (LEK/PJE), Dkt. No. 1 (N.D.N.Y. filed Apr. 6, 2026) (alleging "1st, 8th and 14th Amendment Rights are being violated").[4]

---

[2] *See also Johnson v. Waite*, 9:26-cv-0119 (AJB/PJE), Dkt. No. 8 (N.D.N.Y. Apr. 3, 2026), *Johnson v. Millis*, 9:26-CV-0255 (MAD/DJS), Dkt. No. 4 (N.D.N.Y. Mar. 12, 2026), *Johnson v. Prime Care Medical Inc.*, 9:26-cv-0258 (GTS/PJE), Dkt. No. 4 (N.D.N.Y. filed Mar. 24, 2026), *Johnson v. Warren County Correctional Facility*, 9:26-cv-0296 (BKS/PJE), Dkt. No. 4 (N.D.N.Y. Mar. 31, 2026), *Johnson v. Linsey*, 9:26-cv-0330 (BKS/PJE), Dkt. No. 4 (N.D.N.Y. Mar. 31, 2026).

[3] Even if Respondent had not received any instruction from the Court, there is no plausible good-faith basis for simultaneously filing dozens of factually deficient complaints against a single entity.

[4] The above parentheticals contain all factual allegations provided in the respective complaint.

Respondent has yet to cause any expense to other parties as all actions have either been dismissed or are in very early stages. However, Respondent has caused an inordinate and unnecessary burden on the Northern District of New York and its personnel in filing multiple duplicative and vague actions. In all, Respondent has actions pending before six district court judges and five magistrate judges and the management of those cases has required the extensive involvement of both Clerk's Office and Chambers' staff.

In light of the Respondent's ongoing filing of numerous, duplicative and vague lawsuits, even after having been informed of the prohibition against filing duplicative lawsuits and the requisite pleading standards, the Court finds no sanction other than an order barring Respondent from filing future actions pro se, without prior approval, would offer defendants or the Court adequate protection. *See Eliahu*, 919 F.3d at 715 (noting that although the plaintiffs had the resources to pay filing fees, "the record demonstrat[ed] that monetary sanctions are unlikely to dissuade them from continuing their litigation campaign"). Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.[5] Notwithstanding the overwhelming support for a pre-filing injunction of this kind, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

IV.    **CONCLUSION**

**ACCORDINGLY**, it is

---

[5] A pre-filing injunction would not apply to previously filed actions.

**ORDERED** that Respondent Dylan Johnson shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, in writing, why he should not be barred from filing any civil action *pro se* without prior leave of the Chief Judge or his or her designee;[6] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: April 8, 2026

Brenda K. Sannes
Chief U.S. District Judge

---

[6] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by him in another United States District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D.D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).

**APPENDIX A**

(Cases Filed from November 20, 2025 to March 27, 2026)

(1) *Johnson v. Thomas*, 9:25-cv-1627 (BKS/DJS), Dkt. No. 1 (N.D.N.Y. filed Nov. 20, 2025);
(2) *Johnson v. Waite*, 9:26-cv-0119 (AJB/PJE), Dkt. No. 1 (N.D.N.Y. filed Jan. 23, 2026); (3)
*Johnson v. Millis*, 9:26-cv-0255 (MAD/DJS), Dkt. No. 1 (N.D.N.Y. filed Feb. 18, 2026); (4)
*Johnson v. Prime Care Medical Inc.*, 9:26-cv-0258 (GTS/PJE), Dkt. No. 1 (N.D.N.Y. filed Feb.
23, 2026); (5) *Johnson v. Prime Care Medical Inc.*, 9:26-cv-0295 (GTS/PJE), Dkt. No. 1
(N.D.N.Y. filed Feb. 23, 2026); (6) *Johnson v. Warren County Correctional Facility*, 9:26-cv-
0296 (BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Feb. 23, 2026); (7) *Johnson v. Baller*, 9:26-cv-0329
(AJB/DJS), Dkt. No. 1 (N.D.N.Y. filed Mar. 2, 2026); (8) *Johnson v. Linsey*, 9:26-cv-0330
(BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Mar. 2, 2026); (9) *Johnson v. Warren County
Correctional Facility*, 9:26-cv-0371 (BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Mar. 9, 2026); (10)
*Johnson v. Warren County Jail*, 9:26-cv-0372 (BKS/DJS), Dkt. No. 1 (N.D.N.Y. filed Mar. 9,
2026); (11) *Johnson v. Warren County Correctional Facility*, 9:26-cv-0454 (BKS/PJE), Dkt. No.
1 (N.D.N.Y. filed Mar. 25, 2026); (12) *Johnson v. Barton*, 9:26-cv-0455 (AJB/CBF), Dkt. No. 1
(N.D.N.Y. filed Mar. 24, 2026); (13) *Johnson v. Feldieson*, 9:26-cv-0456 (AMN/ML), Dkt. No.
1 (N.D.N.Y. filed Mar. 24, 2026); (14) *Johnson v. Mayday*, 9:26-cv-0457 (AMN/PJE), Dkt. No.
1 (N.D.N.Y. filed Mar. 24, 2026); (15) *Johnson v. Farmer*, 9:26-cv-0461 (GTS/DJS), Dkt. No. 1
(N.D.N.Y. filed Mar. 25, 2026); (16) *Johnson v. Lafarr*, 9:26-cv-0462 (GTS/MJK), Dkt. No. 1
(N.D.N.Y. filed Mar. 24, 2026); (17) *Johnson v. Millis*, 9:26-cv-0463 (MAD/DJS), Dkt. No. 1
(N.D.N.Y. filed Mar. 24, 2026); (18) *Johnson v. Warren County Correctional Facility*, 9:26-cv-
0464 (BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Mar. 25, 2026); (19) *Johnson v. Warren County
Correctional Facility*, 9:26-cv-0465 (BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Mar. 25, 2026); (20)
*Johnson v. Warren County Correctional Facility*, 9:26-cv-0466 (BKS/PJE), Dkt. No. 1
(N.D.N.Y. filed Mar. 25, 2026); (21) *Johnson v. Warren County Correctional Facility*, 9:26-cv-
0467 (BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Mar. 25, 2026); (22) *Johnson v. Warren County
Correctional Facility*, 9:26-cv-0468 (BKS/PJE), Dkt. No. 1 (N.D.N.Y. filed Mar. 25, 2026); (23)
*Johnson v. Prime Care Medical Group*, 9:26-cv-0469 (GTS/PJE), Dkt. No. 1 (N.D.N.Y. filed
Mar. 25, 2026); (24) *Johnson v. Lowe*, 9:26-cv-0495 (AJB/CBF), Dkt. No. 1 (N.D.N.Y. filed
Mar. 27, 2026); (25) *Johnson v. Warren County Correctional Facility*, 9:26-cv-0496 (BKS/PJE),
Dkt. No. 1 (N.D.N.Y. filed Mar. 29, 2026); (26) *Johnson v. Grey*, 9:26-cv-0498 (ECC/MJK),
Dkt. No. 1 (N.D.N.Y. filed Mar. 27, 2026); (27) *Johnson v. Coons*, 9:26-cv-0499 (AJB/MJK),
Dkt. No. 1 (N.D.N.Y. filed Mar. 27, 2026).

8

**APPENDIX B**
(Cases Filed on April 4, 2026)

(1) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00552 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (2) *Johnson v. Warren County Jail*, 9:26-cv-00553 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (3) *Johnson v. Warren County Jail*, 9:26-cv-00554 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (4) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00555 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (5) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00556 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (6) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00557 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (7) *Johnson v. Warren County Jail*, 9:26-cv-00558 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (8) *Johnson v. Warren County Jail*, 9:26-cv-00559 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (9) *Johnson v. Warren County Jail*, 9:26-cv-00560 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (10) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00561 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (11) *Johnson v. Warren County Jail*, 9:26-cv-00562 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (12) *Johnson v. Warren County Jail*, 9:26-cv-00563 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (13) *Johnson v. Warren County Jail*, 9:26-cv-00564 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (14) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00565 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (15) *Johnson v. Warren County Jail*, 9:26-cv-00566 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (16) *Johnson v. Warren County Jail*, 9:26-cv-00567 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (17) *Johnson v. Warren County Jail*, 9:26-cv-00568 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (18) *Johnson v. Warren County Jail*, 9:26-cv-00569 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (19) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00570 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (20) *Johnson v. Warren County Jail*, 9:26-cv-00571 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (21) *Johnson v. Warren County Jail*, 9:26-cv-00572 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (21) *Johnson v. Warren County Jail*, 9:26-cv-00573 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (23) *Johnson v. Warren County Jail*, 9:26-cv-00574 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (24) *Johnson v. Warren County Jail*, 9:26-cv-00575 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (25) *Johnson v. Warren County Jail*, 9:26-cv-00576 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (26) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00577 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (27) *Johnson v. Warren County Jail*, 9:26-cv-00578 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (28) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00579 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (29) *Johnson v. Warren County Jail*, 9:26-cv-00580 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (30) *Johnson v. Warren County Jail*, 9:26-cv-00581 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (31) *Johnson v. Warren County Jail*, 9:26-cv-00582 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (32) *Johnson v. Warren County Jail*, 9:26-cv-00583 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (33) *Johnson v. Warren County Jail*, 9:26-cv-00584 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (34) *Johnson v. Warren County Jail*, 9:26-cv-00585 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (35) *Johnson v. Warren County Jail*, 9:26-cv-00586 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (36) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00587 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (37) *Johnson v. Warren County Jail*, 9:26-cv-00588 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (38) *Johnson v. Warren County Jail*, 9:26-cv-00589 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (39) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00590 (LEK/PJE) (N.D.N.Y. filed

9

Apr. 6, 2026); (40) *Johnson v. Warren County Jail*, 9:26-cv-00591 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (41) *Johnson v. Warren County Jail*, 9:26-cv-00592 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (42) *Johnson v. Warren County Jail*, 9:26-cv-00593 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (43) *Johnson v. Warren County Jail*, 9:26-cv-00594 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (44) *Johnson v. Warren County Jail*, 9:26-cv-00595(LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (45) *Johnson v. Warren County Jail*, 9:26-cv-00596 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (46) *Johnson v. Warren County Jail*, 9:26-cv-00597 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (47) *Johnson v. Warren County Jail*, 9:26-cv-00598 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (48) *Johnson v. Warren County Jail*, 9:26-cv-00599 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (49) *Johnson v. Warren County Jail*, 9:26-cv-00600 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (50) *Johnson v. Warren County Jail*, 9:26-cv-00601 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (51) *Johnson v. Warren County Jail*, 9:26-cv-00602 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (52) *Johnson v. Warren County Jail*, 9:26-cv-00604 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (53) *Johnson v. Warren County Jail*, 9:26-cv-00605 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (54) *Johnson v. Warren County Jail*, 9:26-cv-00606 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (55) *Johnson v. Warren County Jail*, 9:26-cv-00607 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (56) *Johnson v. Warren County Jail*, 9:26-cv-00608 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (57) *Johnson v. Warren County Jail*, 9:26-cv-00609 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (58) *Johnson v. Warren County Jail*, 9:26-cv-00610 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (59) *Johnson v. Warren County Jail*, 9:26-cv-00611 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (60) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00612 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (61) *Johnson v. Warren County Jail*, 9:26-cv-00614 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (62) *Johnson v. Warren County Jail*, 9:26-cv-00615 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026);  (63) *Johnson v. Warren County Jail*, 9:26-cv-00616 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (64) *Johnson v. Warren County Jail*, 9:26-cv-00617 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (65) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00618 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (66) *Johnson v. Warren County Jail*, 9:26-cv-00619 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (67) *Johnson v. Warren County Jail*, 9:26-cv-00620 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (68) *Johnson v. Warren County Jail*, 9:26-cv-00621 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (69) *Johnson v. Warren County Jail*, 9:26-cv-00622 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (70) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00623 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (71) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00624 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (72) *Johnson v. Warren County Jail*, 9:26-cv-00626 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026); (73) *Johnson v. Warren County Correctional Facility*, 9:26-cv-00628 (LEK/PJE) (N.D.N.Y. filed Apr. 6, 2026).