**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IN RE: DYLAN JOHNSON,

                                                      9:26-PF-00002 (BKS)

                    Respondent.

---

## PRE-FILING ORDER

On April 8, 2026, Dylan Johnson ("Respondent") was ordered by the undersigned to show cause within fourteen days as to why he should not be enjoined from filing any new actions as a pro se plaintiff in the United States District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee. (Dkt. No. 1 ("OTSC")). Respondent has not filed a response to the OTSC. Accordingly, for all the reasons stated in the OTSC, (Dkt. No. 1), Respondent is permanently enjoined from filing any new civil action pro se without prior permission of the Chief Judge or his or her designee, subject to the requirements outlined below.

> **NOTICE TO PRO SE LITIGANT: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS.**

It is hereby **ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently enjoined from filing any new actions[1] as a pro se plaintiff in the United States

---

[1] The filings subject to this Order include filings of documents by Respondent as a pro se plaintiff in: (1) a new action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol*, 15-AF-0005, Order, at 2–3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action asserted federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants Respondent previously sued in this Court on similar grounds), *see In re: Leon R. Koziol*, 15-AF-0005, Order, at 2–5 & n.3 (N.D.N.Y. filed Dec. 19, 2019) (collecting cases).

District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee,[2] subject to the requirements outlined below; and it is further

**ORDERED** that the Clerk of the United States District Court for the Northern District of New York shall maintain the current file (9:26-PF-00002) with the general title "In Re: Dylan Johnson." Unless otherwise ordered by the Chief Judge or his or her designee, this file shall serve as the repository of all pleadings or documents submitted under the procedures set forth herein, and any order entered pursuant thereto. The Clerk of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

**ORDERED** that, before filing any new actions pro se in the Court, Respondent must first obtain permission from the Chief Judge or his or her designee. To do so, Respondent must submit to the Court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit containing information specified below; and (3) a copy of the pleading or document sought to be filed. The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned file number in the caption; and it is further

**ORDERED** that a petition requesting leave to file must contain the following information:

> (1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Respondent, and if so, in what capacity;

---

[2] This injunction does not apply to pending actions or actions filed prior to the date of this Order.

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefore;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against Respondent by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Respondent shall also submit (with the above-described petition) an affidavit, in the proper legal form, under oath and notarized, containing the following recitals:

(1) that the pleading or claims which Respondent wishes to present, or the relief which he seeks, has never before been raised by him and disposed of by any federal or state court

3

and are not, to the best of his knowledge, barred by the doctrines of collateral estoppel or res judicata;

(2) that (a) to the best of Respondent's knowledge the claim or claims are not frivolous or asserted in bad faith, (b) they are well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that, in prosecuting the action, Respondent will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and documents filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the pleading and/or any other document(s) to be filed with the Court, and that the pleading and/or document(s) shall conform with the requirements of this Pre-Filing Order, Federal Rule of Civil Procedure 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of an Application Pursuant to Court Order Seeking Leave to File, the Clerk or his or her designated deputy shall docket the pleading and/or document(s) in the case and in accordance with the rules, and immediately forward them to the Chief Judge or his or her designee for review; and it is further

**ORDERED** that, in deciding such an Application, the Chief Judge or his or her designee should consider the following:

(1) whether Respondent has complied with the procedures set forth in this Pre-Filing Order in all particulars;

(2) whether Respondent's pleading and/or document(s) comply with the Federal Rules of Civil Procedure and the District's Local Rules of Practice;

(3) whether the Respondent's pleading and/or document(s) are frivolous, abusive, harassing or malicious;

(4) whether the claims asserted in Respondent's pleading have been adjudicated previously by any state or federal court;

(5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and documents would not give rise to liability for unreasonable and vexatious multiple filings;

(6) whether the pleading asserts claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the pleading and/or document(s) meet such other reasonable requirements established by the Court; and it is further

**ORDERED** that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review. Likewise, false or misleading recitals in the pleading or document shall be grounds for denial and may subject Respondent to further sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and/or the Court's inherent power to sanction a litigant for bad-faith conduct or for disobeying court orders; and it is further

5

**ORDERED** that Respondent is further advised that nothing in this Pre-Filing Order (a) hinders his ability to defend himself in any criminal action brought against him, (b) limits his access to any court other than the United States District Court for the Northern District of New York, or (c) affects his rights in any of his currently pending actions in state or federal court; and it is further

**CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Pre-Filing Order would not be taken in good faith; and it is further

**ORDERED** that the Clerk shall serve a copy of this Pre-Filing Order on Respondent by regular mail.

**IT IS SO ORDERED.**

Dated: April 24, 2026

Brenda K. Sannes
Chief U.S. District Judge

6